IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DERALD RITCHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-0823-CV-W-HFS |
| | ) | |
| CITY OF INDEPENDENCE, MO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, alleging that he is a long-serving former employee of the City of Independence, sues the city for wrongful termination and joins as a defendant the Human Resources Director, allegedly a participant in the termination. As best can be determined from the cryptic First Amended Complaint, plaintiff claims that the termination was based on alleged sexual harassment, and that the defendants resolved a "he said she said" dispute in favor of the complaining woman, because "the city believed the woman." The actions described were allegedly "done because of plaintiff's gender." However, the pleading does not specify whether complaining witnesses are generally believed, female testimony is generally favored, female employees are generally favored, or whether plaintiff simply contends there was a "bad call."

Federal jurisdiction is based on an alleged violation of constitutional rights, under 42 U.S.C. § 1983. Plaintiff also claims a violation of the Missouri Human Rights Act. He acknowledges he is time barred from proceeding under Title VII (42 U.S.C. § 2000(e)(5).

Defendant Human Resources Director claims qualified immunity. Both defendants seek dismissal for failure to state a claim under § 1983.

If plaintiff has the second or third theory noted as a possibility, further briefing may be

needed and we may need to use summary judgment practice. The first and fourth theories would not seem to present colorable constitutional claims. See, e.g., <u>Eiseberg v. District Attorney</u>, 1996 WL 406542 (E.D.N.Y. 1996) (alleged policy of prosecuting sex crimes merely on the allegations of complainants, regardless of the apparent merits). Because motions to dismiss should not be granted where there is simply a vague, badly presented claim, the motion to dismiss (Doc. 10) is hereby DENIED, without prejudice to a request for particulars so that defendants can determine what they must defend against.

      SO ORDERED.

                              /s/Howard F. Sachs
                              HOWARD F. SACHS
                              Senior United States District Judge

Dated: <u>9-26-05</u>

2

Case 4:04-cv-00823-HFS   Document 18   Filed 09/26/05   Page 2 of 2